UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

QUICK SORT SACRAMENTO, INC.,

        NO. CIV. S-05-439 LKK/PAN

    Plaintiff,

  v.                                     O R D E R

STANDARD REGISTER,

    Defendant.
_____/

    Plaintiff, Quick Sort Sacramento ("plaintiff" or "Quick Sort") brought suit in Yolo Superior Court on January 19, 2005 alleging three causes of action: breach of contract, fraud, and breach of the covenant of good faith and fair dealing. On March 4, 2005, defendant, Standard Register, removed the case to this court. Pending before this court is plaintiff's motion to remand. Plaintiff contends that a written agreement between the parties containing a forum selection clause precludes removal to federal court. I decide the motion based on the parties' papers and after oral argument.

1

# I.
# BACKGROUND

Quick Sort is in the business of providing pre-sorting, bar-coding and mailing services for the United States Postal Service ("USPS"). Standard Register is in the business of providing support for printing and mass mailings for its customers. On or about August 1, 2003, the parties entered into a written agreement whereby plaintiff would process defendant's mass mailings which would in turn be distributed by USPS. The agreement contained a one-year term that provided for automatic renewal of additional one-year terms if neither party gave notice of termination within 90 days prior to the August 1 contract anniversary date. In a letter dated November 30, 2004, Standard Register notified Quick Sort that it was terminating the agreement. Quick Sort objected to the termination, stating that it was neither timely nor effective. On January 19, 2005, Quick Sort filed suit in Yolo Superior Court. Shortly thereafter, Standard Register removed the matter to this court.

# II.
# STANDARDS

Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for any district . . . where such action is pending." 28 U.S.C. § 1441(a).
////

One instance in which the district courts of the United States have "original jurisdiction" is where there is complete diversity between the parties and the amount in controversy exceeds $75,000. The proper procedure for challenging removal is a motion to remand, and a federal court must order remand if there is any defect which causes federal jurisdiction to fail, or if there is any defect in the removal procedure. 28 U.S.C. § 1447(c).  The Ninth Circuit strictly construes the removal statute against removal jurisdiction.  Gaus Miles, Inc., 980 F.2d 564 (9th Cir. 1992) (citing Boggs v. Lewis, 863 F.2d 662, 663 (9th Cir. 1988)); Takeda v. Northwestern Nat'l Life Ins. Co., 765 F.2d 815, 818 (9th Cir. 1985).  Any doubts about removability are resolved in favor of remanding the case to state court. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941); Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir.1992). On a motion to remand, the removing defendant faces a strong presumption against removal, and bears the burden of establishing that removal was proper by a preponderance of evidence. Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 403-404 (9th Cir.1996); Gaus, 980 F.2d at 567.

    In cases based on diversity jurisdiction, "federal law . . . applies to [the] interpretation of forum selection clauses." Manetti-Farrow, Inc. v. Gucci America, Inc., 858 F.2d 509, 513 (9th Cir. 1988).  Forum selection clauses are presumptively valid and will not be set aside absent a showing that the "enforcement would be unreasonable and unjust, or that the clause was invalid for such reason as fraud or overreaching." M/S Bremen v. Zapata Off-Shore

Co., 407 U.S. 1, 15 (1972).

## III.

## ANALYSIS

Before the court is plaintiff's motion to remand, which is premised upon on a provision contained in the contract between the parties. Citing an Eleventh Circuit case, Snapper, Inc. v. Redan, 171 F.3d 1249 (11th Cir. 1999), plaintiff contends that this provision provides for exclusive jurisdiction over any suit in "California State Courts."[1] Mot. at 3. Defendant, on the other hand, asserts that remand is inappropriate because the language is not a clear and unequivocal waiver of the right to remove. Opp'n at 3. Having carefully this matter, I conclude that this case must be remanded.

**A. "CLEAR AND UNEQUIVOCAL WAIVER"**

Defendant maintains that remand is improper because paragraph 5.6 is not a clear and unequivocal waiver of the right to remove. I cannot agree that plaintiff must meet the stringent "clear and unequivocal standard" where a forum selection clause is at issue.

---

[1] The forum selection clause at issue in Snapper allowed "the undersigned to bring a suit in the courts of the State of Georgia or the United States District Court, Northern District of Georgia." The Eleventh Circuit held that the clause allowed plaintiff the right to choose the forum for litigation and that the clause constituted a waiver of the right to remove. The facts and holding of Snapper do not assist the plaintiffs where, as here, they allege that the forum selection clause in paragraph 5.6 prohibits removal and designates California state courts as the appropriate forum for this suit.
  Although plaintiff fails to make note of it, and as I explain infra, the Snapper court's explanation of the 'clear and unequivocal test' is helpful and provides this court with some guidance.

4

As the Sixth Circuit has explained, there has been some confusion in the circuit courts about whether a waiver of the right to remove must be "clear and unequivocal." The cases that have applied such a standard, however, have been in a context when the removing party participated in actions in the state court prior to removal which might be interpreted as waiver of the right to remove. Snapper, 171 F.3d at 1249. As the Sixth Circuit explained, such "litigation-based waivers must be distinguished from the contractual waiver" at issue in the case at bar. Id. The Ninth Circuit has explicitly adopted the clear and unequivocal test in the context of "litigation-based waivers," explaining that only a clear and unequivocal waiver, and not just a responsive pleading, would defeat a party's right to removal. See RTC v. Bayside Developers, 43 F.3d 1230, 1240 (9th Cir. 1985). In an earlier case involving a forum selection clause, or a contractual waiver of the right to remove, the Ninth Circuit made no mention of the clear and unequivocal standard in holding that the language in an employee handbook, included because federal regulations required it, did not amount to a waiver of removal. See Clorox Co. v. United States District Court, 779 F.2d 517, 521 (9th Cir. 1985).[2] In fact, the

---

[2] Because the Ninth Circuit adopted the clear and unequivocal test in the context of litigation-based waivers in RTC, but failed to mention the Clorox case, this court presumes that the Ninth Circuit viewed it as arising in a completely different context. Importantly, other circuits have assumed that ordinary principles of contract interpretation govern in the context of contractual waivers of removal or have applied less stringent versions of the clear and unequivocal test. See, e.g., Karl Koch Erecting Co. v. New York Convention Ctr. Dev. Corp., 838 F.2d 656, 659 (2d Cir. 1988)(forum selection clause did not expressly waive removal

5

court could locate no other cases in which the Ninth Circuit has considered whether the "clear and equivocal" standard would apply to contractual waivers of the right to remove. This court agrees with the Sixth Circuit's explanation that requiring such a high standard in the context of removal where a forum selection clause is involved would go against the "general trend of interpreting the removal statutes against removal and probably springs from the outdated notion that forum selection clauses are disfavored." Snapper, 171 F.3d at 1261. Indeed, such a high barrier would contravene the Ninth Circuit's standard of construing the removal statute against removal jurisdiction. Gaus Miles, 980 F.2d 566. Thus, I hold that in the context of removal based on a contract, ordinary contractual principles govern the interpretation of the contractual waiver.

**B.   APPLICATION OF ORDINARY CONTRACTUAL PRINCIPLES**

This motion turns on the interpretation of an agreement between the parties, which reads:

> 5.6 Governing Law
>
> (a) This agreement shall be governed and interpreted in accordance with the laws of the state of California without regard to principles of conflict of laws. The Parties agree to submit to the exclusive jurisdiction over all disputes hereunder or related hereto in the State of California located in Yolo County.

Pl.'s Exh. A (emphasis supplied).

////

---

because "the parties' inclusion of the . . . clause makes little sense unless it precludes removal).

6

1  At the outset, the court agrees with Standard Register that
2 paragraph 5.6 is "poorly drafted," "awkwardly written," and leaves
3 much to be desired in terms of clarity.  Opp'n at 4.  As defendant
4 notes, the clause is contained under a paragraph titled "governing
5 law," and does not contain the words "court," "forum," or "waiver."
6 Id.  The line of cases relied on by defendant, however, is
7 distinguishable from the matter at bar.  Defendant cites a number
8 of cases where forum selection clauses were broadly written so that
9 the parties could file the case in both state and federal courts.
10 See Little League Baseball, Inc. v. Welsh Publishing Group, Inc.,
11 874 F.Supp. 648 (M.D. Pa. 1995)(provision stated that "[a]ll
12 parties hereto consent to jurisdiction and venue in the State of
13 Pennsylvania"); Dixon v. TSE International Inc., 330 F.3d 396 (5th
14 Cir. 2003)(forum selection clause stated that "[t]he Courts of
15 Texas, U.S.A. shall have jurisdiction over all controversies with
16 respect to the execution, interpretation or performance of this
17 agreement . . .").  The distinction between the clauses discussed
18 in the cases defendant cites and the clause in the case at bar
19 undermines defendant's position.

20  While it is true that the clause states that "[t]he Parties
21 agree to submit to the exclusive jurisdiction over all disputes
22 hereunder or related hereto in the State of California," that
23 clause is, importantly, also followed by four words, "located in
24 Yolo County."  The clause is poorly drafted since it is unclear
25 ////
26 ////

7

*what* exactly is "located in Yolo County."[3]  In other words, it is unclear what noun is being modified by the phrase "located in Yolo County."[4]  A primary rule of contractual interpretation, however, is that "'[t]he common or normal meaning of language will be given to the words of a contract unless circumstances show that in a particular case special meaning should be attached to it.'" Hunt Wesson Food, Inc. v. Supreme Oil Co., 817 F.2d 75, 77 (9th Cir. 1987).  The word "located" is an adjective which typically modifies a noun and means "situated in a particular spot or position." Webster's Third New International Dictionary.  It is reasonable for this court to conclude that the phrase "located in Yolo County" was meant to modify the noun "court."  Given the plain meaning of "located," it appears to the court that the parties intended to limit their choice of forum to a court in the "State of California" which is "located in Yolo County."  Because, as plaintiff notes, there are no federal courts located in Yolo County, the parties intended to limit jurisdiction to California State Courts located

---

[3] If the clause excluded "located in Yolo County," the case at bar would be more similar to the cases that defendant cites, and the court could interpret the clause to mean, as defendant suggests, that the parties intended not to "exclude from consideration the federal court that presides over and encompasses Yolo County." Opp'n at 6.  But that is not the case.

[4] Defendant Standard Register urges the court - both in its papers and at oral argument - to construe the language of the provision against the drafter of the contract, which they argue is Quick Sort.  See Interpol Bermuda Ltd. v. Kaiser Aluminum Int'l Corp., 719 F.2d 992, 998 (9th Cir. 1983).  Based on the record and the parties' representations during the oral argument, it is clear that both parties were involved in the drafting of the contract at issue, and thus, Standard Register's "construction against Quick Sort" argument fails.

8

1    in Yolo County.[5]

2    While the court's construction is not inevitable, "[a]ny
3    doubts about removability are resolved in favor of remanding the
4    case to state court." Shamrock Oil & Gas Corp. v. Sheets, 313 U.S.
5    100, 108-09 (1941); Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th
6    Cir. 1992).

7    Accordingly, plaintiff's motion to remand is GRANTED.[6]

8    IT IS SO ORDERED.

9    DATED: May 25, 2005.

                                    /s/Lawrence K. Karlton
                                    LAWRENCE K. KARLTON
                                    SENIOR JUDGE
                                    UNITED STATES DISTRICT COURT

---

[5] Defendant argues that the most that can be read into this provision is that "it serves a geographic limitation (i.e., venue selection) clause, through which the parties agreed to adjudicate their claims only in those courts holding jurisdiction over Yolo County, which necessarily includes this Court as well as the Yolo County Superior Court." Such a reading would require ignoring the plain meaning of the word "located."

[6] Plaintiff also requests fees and costs for the motion to remand, for a total of approximately $4000. Because there is lack of clarity as to the forum selection clause, all parties are to bear their own costs.

9